UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD THOMPSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-0592** |
| **N. BURL CAIN** | **SECTION "K"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, and for the following reasons, the court finds that the instant petition is timely and the State should be required to submit a response addressing the merits.

## I.  PROCEDURAL HISTORY

On October 18, 2000, petitioner, Ronald Thompson, was sentenced to life imprisonment in connection with his conviction on the charge of aggravated rape. On June 22, 2001, the Louisiana First Circuit Court of Appeal affirmed petitioner's conviction and sentence. *State v. Thompson*, 800 So.2d 443, No. 2000 KA 2633 (La. App. 1 Cir. 2001)

(unpublished opinion).[1] On June 14, 2002, the Louisiana Supreme Court denied petitioner's writ application, thereby rendering his conviction and sentence final. *State v. Thompson*, 817 So.2d 1151 (La. 2002).

On or about June 16, 2003, petitioner filed an application for post-conviction relief with the state district court. Petitioner's efforts in this regard culminated on August 19, 2005, when the Louisiana Supreme Court denied his writ application. *State ex rel. Thompson v. State*, 908 So.2d 676 (La. 2005).

On October 6, 2005, petitioner filed a second application for post-conviction relief with the state district court. On October 11, 2005, the state district court denied petitioner's application as repetitive pursuant to the provisions of La.C.Cr.P. Article 930.4. On April 10, 2006, the Louisiana First Circuit Court of Appeal denied petitioner's second post-conviction application as untimely pursuant to the provisions of La. C.Cr.P. Article 930.8.[2] On March 9, 2007, the Louisiana Supreme Court likewise declined to grant petitioner relief, denying his writ application. *State ex rel. Thompson v. State*, 949 So.2d 433 (La. 2007).

On or about January 5, 2007, while his second post-conviction application was

---

[1] A copy of the state appellate court's unpublished opinion is contained in the State rec., vol. 5 of 5.

[2] Copies of the state district court's October 11, 2005 decision and the state appellate court's April 10, 2006 decision are contained in the State rec., vol. 5 of 5.

still pending before the Louisiana Supreme Court, petitioner filed the instant federal habeas corpus application.[3] In its "Memorandum in Opposition to Application for Habeas Corpus" (rec. doc. # 10), the State asserts that petitioner's habeas application should be dismissed as untimely. For the following reasons, the court disagrees.

## II.  ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner is required to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254 within one year from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[4] *See* 28 U.S.C. § 2244(d)(1) (West 2007), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, petitioner's conviction became final on June 14, 2002, and his time for seeking review expired on September 12, 2002, 90 days following his final state court judgment, when his time for filing a petition for a writ of certiorari with the United States Supreme Court expired. *See* Sup.Ct.R. 13(1); *see also Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099, 120 S.Ct.

---

[3]Because petitioner's second post-conviction application was still pending before the Louisiana Supreme Court when he filed his federal habeas corpus petition, the claims set forth in his second post-conviction application were not included in petitioner's original habeas application as they had not been exhausted as required under *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Petitioner has filed a "Motion for Leave of Court in Order to Supplement" (rec. doc. # 11) for the purpose of supplementing his original habeas petition to include the claims set forth in his second post-conviction application.

[4]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

1834, 146 L.Ed.2d 777 (2000); *Habteselassie v. Novak*, 209 F.3d 1208, 1209 (10th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Thus, petitioner had a year from September 12, 2002, or until September 12, 2003, to timely seek federal habeas corpus relief.

As stated earlier, petitioner filed the instant action on or about January 5, 2007. Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, petitioner's first state post-conviction application was filed on or about June 16, 2003. At that point, approximately nine months of petitioner's twelve-month prescriptive period had expired. The remaining time, approximately three months, on his federal limitation period was suspended from June 16, 2003, until August 19, 2005, the time during which his first application for state post-conviction relief was pending. Thereafter, prescription commenced running again for approximately one and a half months, until October 6, 2005, when it was tolled once again by virtue of petitioner filing his second

application for state post-conviction relief.[5] Prescription never again commenced to run since petitioner filed the instant action while his second state post-conviction proceeding was still pending. Thus, the matter at hand is clearly not time-barred as approximately one and a half months of petitioner's twelve-month prescriptive period remained when he filed this federal habeas corpus proceeding. Accordingly;

**IT IS HEREBY RECOMMENDED** that petitioner's "Motion for Leave of Court in Order to Supplement" (rec. doc. # 11), pursuant to which petitioner seeks to add to the instant action the claims raised in his second state post-conviction application, *see* discussion *supra* at n.3, be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the State be ordered to file, within 90 days of entry of the district court's Order, a supplemental response addressing the merits of petitioner's original and supplemental claims for federal habeas corpus relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after

---

[5]In its opposition memorandum (rec. doc. # 10, p. 6), the State asserts that "the second Application for Post-Conviction Relief filed by Thompson was insufficient to interrupt the AEDPA limitations period because it was not deemed 'properly filed' due to the fact that it was repetitive and untimely." However, the Fifth Circuit has clearly provided that a state post-conviction petition is considered "properly filed" and does interrupt the running of the AEDPA one-year prescriptive period even if said petition is dismissed as untimely under the provisions of La.C.Cr.P. Article 930.8 or dismissed as repetitive under the provisions of La.C.Cr.P. Article 930.4. *See Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000), and *Hall v. Cain*, 216 F.3d 518, 520 (5th Cir. 2000).

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

    New Orleans, Louisiana, this __29th__ day of _____May_____, 2007.

                                               LOUIS MOORE, JR.
                                               United States Magistrate Judge