# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD THOMPSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-0592** |
| **N. BURL CAIN** | **SECTION "K"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

## I. PROCEDURAL HISTORY

On October 18, 2000, petitioner, Ronald Thompson, was sentenced to life imprisonment in connection with his conviction on the charge of aggravated rape. On June 22, 2001, the Louisiana First Circuit Court of Appeal affirmed petitioner's conviction and

sentence. *State v. Thompson*, 800 So.2d 443, No. 2000 KA 2633 (La. App. 1 Cir. 2001) (unpublished opinion).[1] On June 14, 2002, the Louisiana Supreme Court denied petitioner's writ application, thereby rendering his conviction and sentence final. *State v. Thompson*, 817 So.2d 1151 (La. 2002).

On June 13, 2003, petitioner filed an application for post-conviction relief with the state district court.[2] Petitioner's efforts in this regard culminated on August 19, 2005, when the Louisiana Supreme Court denied his writ application. *State ex rel. Thompson v. State*, 908 So.2d 676 (La. 2005).

On October 6, 2005, petitioner filed a second application for post-conviction relief with the state district court. On October 11, 2005, the state district court denied petitioner's application as repetitive pursuant to the provisions of La.C.Cr.P. Article 930.4. On April 10, 2006, the Louisiana First Circuit Court of Appeal denied petitioner's second post-conviction application as untimely pursuant to the provisions of La. C.Cr.P. Article 930.8.[3] On March 9, 2007, the Louisiana Supreme Court likewise declined to grant petitioner relief, denying his writ application. *State ex rel. Thompson v. State*, 949 So.2d 433 (La.

---

[1] A copy of the state appellate court's unpublished opinion is contained in the State rec., vol. 5 of 5.

[2] A copy of petitioner's post-conviction application is contained in the State rec., vol. 5 of 5.

[3] Copies of the state district court's October 11, 2005 decision and the state appellate court's April 10, 2006 decision are contained in the State rec., vol. 5 of 5.

2007).

On or about January 5, 2007, while his second post-conviction application was still pending before the Louisiana Supreme Court, petitioner filed the instant federal habeas corpus application.

## II. ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner is required to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254 within one year from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[4]  *See* 28 U.S.C. § 2244(d)(1) (West 2009), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, petitioner's conviction became final on June 14, 2002, and his time for seeking review expired on September 12, 2002, 90 days following his final state court judgment, when his time for filing a petition for a writ of certiorari with the United States Supreme Court expired. *See* Sup.Ct.R. 13(1); *see also Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000); *Habteselassie v. Novak*, 209 F.3d 1208, 1209 (10th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Thus, petitioner had a year from September 12, 2002, or until September 12, 2003, to timely seek federal habeas corpus relief.

As stated earlier, petitioner filed the instant action on or about January 5, 2007. Thus,

---

[4] The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, petitioner's first state post-conviction application was filed on June 13, 2003. At that point, approximately nine months of petitioner's twelve-month prescriptive period had expired. Prescription was suspended until August 19, 2005, at which point petitioner's first application for post-conviction relief was no longer pending and prescription, once again, commenced to run, expiring on or about November 19, 2005, over a year before petitioner filed the instant habeas petition.[5] Thus, the instant matter would appear to be time-barred absent a basis for equitably tolling petitioner's prescriptive period.

The Fifth Circuit has held that the AEDPA's one-year period of limitations may be equitably tolled, but only in exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). Since *Davis*, the Fifth Circuit has made it clear that a pro se prisoner's ignorance or

---

[5] Because petitioner's second habeas corpus petition was untimely, it was not "properly filed" and, therefore, did not interrupt the running of prescription under the provisions of § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 414-417, 125 S.Ct. 1807, 1812-1814, 161 L.Ed.2d 669 (2005) (quotation omitted) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."); *Wardlaw v. Cain*, 541 F.3d 275, 277-279 (5th Cir. 2008), *cert. denied*, __ U.S. __, 129 S.Ct. 1006, 173 L.Ed.2d 300 (2009) (a state postconviction petition is "not 'properly filed' if it was rejected by the state court as untimely.").

misinterpretation of applicable law does not constitute "exceptional circumstances" for the purpose of equitably tolling the AEDPA's one-year statute of limitations. *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), *quoting Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

Petitioner sets forth no basis for equitably tolling prescription and this court's review has uncovered no such basis.

Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the instant application for federal habeas corpus relief filed on behalf of petitioner, Ronald Thompson, be **DENIED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __15th__ day of ____May____, 2009.

_____
LOUIS MOORE, JR.
United States Magistrate Judge