UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONALD THOMPSON                                    CIVIL ACTION

VERSUS                                             NO. 07-0592

N. BURL CAIN                                       SECTION "K"(6)

## ORDER AND OPINION

Petitioner Ronald Thompson, a state court prisoner, filed a *pro se* petition for federal *habeas corpus* relief seeking to vacate his state court conviction and sentence. Pursuant to 28 U.S.C. §636(b)(1), the Court has conducted a *de novo* review of the objections filed by petitioner (Doc. 27) to the Report and Recommendation of Magistrate Judge Louis Moore, Jr. recommending that Thompson's petition for relief be dismissed with prejudice as time-barred (Doc. 26). Upon review of the petition, the entire state record, and the applicable law, the Court concludes that the conclusions of the Magistrate Judge are fully supported by the record and therefore dismisses the petition as untimely.

PROCEDURAL BACKGROUND

Thompson is a state prisoner serving a sentence of life imprisonment at hard labor without benefit of probation, parole or suspension of sentence, having been convicted of aggravated rape (La. Rev. Stat. 14:42) following a trial by jury. Petitioner's conviction and sentence were affirmed on direct appeal. *State v. Thompson*, 800 So.2d 443 (La. App. 1st Cir. 2001). The Louisiana Supreme Court denied petitioner's application for a writ of *certiorari*. *State v. Thompson*, 817 So.2d 1151 (La. 2002). Petitioner's conviction became final on September 12, 2002 when he failed to timely apply for a writ of *certiorari* to the United States Supreme Court.

Thereafter petitioner filed an application for post-conviction relief with the state district court; the state district judge denied relief. *State v. Thompson*, No. 307921 (22nd Judicial District Court, March 15, 2004). The Louisiana Supreme Court denied writs. *State ex rel Thompson v. State*, 908 So.2d 676 (La. 2005). Petitioner then filed a second petition for state *habeas corpus* relief which the district court denied pursuant to Louisiana Code of Criminal Procedure Article 930.4 as repetitive. *State v. Thompson*, No. 307921 (22nd Judicial District Court, October 11, 2005). The state court of appeals denied petitioner application for supervisory writs as untimely pursuant to Louisiana Code of Criminal Procedure Article 930.8. *State v. Thompson*, No. 2005-KW 2729 (La. App. 1st Cir., April 10, 2006).

Petitioner then filed an application for writs to the Louisiana Supreme Court. Before the Louisiana Supreme Court ruled on petitioner's application for writs, Thompson filed this petition for federal post-conviction relief. On March 9, 2007, the Louisiana Supreme Court denied petitioner's application for writs. *State ex rel Thompson v. State*, 949 So.2d 433 (La. 2007).

In this petition for federal post conviction relief, Thompson seeks to vacate his conviction and sentence urging a plethora of grounds including: 1) trial judge unconstitutionally selected the grand jury foreperson; 2) trial judge erroneously denied Thompson's motion to suppress his statement, 3) trial judge erroneously denied Thompson's challenge to prospective juror #67, 4) trial judge erroneously denied Thompson's motion for mistrial; 5) the indictment failed to allege an offense; and 6) on appeal the prosecution's brief went beyond the scope of the evidence presented at trial. Additionally petitioner contends that the his trial counsel rendered ineffective assistance of counsel in the following respects:

- failing to file a motion to quash the indictment based on the unconstitutional procedure used to select the grand jury

- foreperson;
- failing to object to the admission of evidence of other crimes;
- failing to file a pretrial writ of habeas corpus challenging the validity of the indictment;
- failing to make a pretrial investigation;
- failing to object to the prosecutor's inquiry about details of a felony conviction;
- failing to object to or impeach the prosecution's use of perjured testimony;
- failing to object to the prosecutor's improper comments and bolstering of the credibility of the prosecution's witnesses; and
- misrepresenting the facts and petitioner's declarations in opening statements.

Petitioner also challenges the effectiveness of his appellate counsel. He asserts that his appellate counsel provided ineffective assistance of counsel by "failing to claim edited transcripts by the Court Reporter," failing to acknowledge and remedy missing portions of the record; failing "to claim alteration and falsification of public record/documents," "argu[ing] two frivolous claims, "reduc[ing] a meritorious claim to frivolous" and "ignor[ing] more important jurisdictional claims." Doc. 11-2.

Following a referral of this matter to Magistrate Judge Louis Moore pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Magistrate Judge Moore rejected the State's contention that Thompson's claims were time barred and issued a Report and Recommendation concluding that Thompson failed to timely file his petition for federal relief. Magistrate Judge Moore ordered the State to file a supplemental response addressing the merits of Thompson's original and supplemental claims. The Magistrate Judge advised the parties that "[a] party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice

that such consequences will result from a failure to object." Doc. 12. Neither party filed any objections to the Report and Recommendation, and thereafter the Court approved the Report and Recommendation of the Magistrate Judge and adopted his opinion as its own. Doc. 13.

After the State of Louisiana filed its supplemental response addressing the merits of petitioner's claim, the Magistrate Judge issued a Report and Recommendation concluding that Thompson's petition was in fact time-barred and concluding that no basis existed to equitably toll the one-year statute of limitations for filing a § 2254 claim. Petitioner objected to the Report and Recommendation urging that the doctrine of equitable tolling applied to his claims, and that the State waived the right to appeal by failing to file written objections to the Magistrate Judge's original Report and Recommendation. Petitioner does not dispute the Magistrate Judge's finding that he filed his petition for § 2254 relief more than a year after his conviction became final.

## ANALYSIS OF OBJECTIONS

The Court concludes that the petitioner's objections to the Report and Recommendation lack merit. Citing *Carter v. Collins*, 918 F.2d 1198 (5th Cir. 1990), petitioner urges that the State "waive[d] the right to appeal" by failing to file written objections to the Magistrate Judge's original Report and Recommendation. Doc. 27, p.6. *Carter* addresses the applicable standard of review when an aggrieved party appeals a district judge's adoption of a Magistrate Judge's Report and Recommendation when the aggrieved party failed to file objections to the Report and Recommendation. Because this matter is not on appeal, *Carter* does not apply.

Furthermore, the State's failure to object to the Magistrate Judge's conclusion that Thompson's petition for § 2254 was timely does not constitute a waiver of the time bar defense. It is well established that "should a State intelligently choose to waive a statute of limitations defense,

a district court would not be at liberty to disregard that choice." *Day v. McDonough*, 547 U.S. 198, 210, 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376 (2006).  As in *Day,* there is no evidence in this record suggesting that "the State 'strategically' withheld the defense [of time bar] or chose to relinquish it." *Id.* There is however evidence to the contrary, that is significant evidence that the State vigorously intended to pursue the time bar defense.  In its answer to Thompson's petition, the State pleaded that " the Petition filed by Thompson herein seeking habeas corpus relief is untimely." Doc. 9, p. 3.  The State continued to urge that the claims were time barred in its "Memorandum in Opposition to Application for Habeas Corpus" (Doc. 10).

It is true that the State did not object to Magistrate Judge Moore's Report and Recommendation which erroneously held that Thompson's second state *habeas* petition tolled the statute of limitations throughout the time it remained pending.  However, failing to object to a magistrate judge's determination that a petitioner's claims are timely does not mandate a conclusion that the State waived its time bar defense. *See Boston v. Weber*, 525 F.3d 622, 626 (8th Cir. 2008). Given that the State had urged the time bar defense in two pleadings before the magistrate judge issued his Report and Recommendation and continued to urge it in its "Supplemental Memorandum in Opposition to Application for Habeas Corpus" (Doc. 16), the Court concludes that the State's failure to object to that Report and Recommendation does not qualifiy as an intentional waiver of the time bar defense.

The one year limitation period of 28 U.S.C. § 2244(d) can be equitably tolled in exceptional circumstances.  *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).  "The doctrine of equitable tolling preserves a plaintiff's claim when strict application of the statute of limitations would be inequitable."  *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).  "Equitable tolling

applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)(internal quotation and citation omitted). Petitioner "bears the burden of proof concerning equitable tolling." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner urges that he is entitled to equitable tolling of the one year period because the state district court created an impediment to petitioner's pursuit of his first petition for state habeas relief by failing to rule on petitioner's "Request for Stay of Judgment and Motion to Supplement" in which Thompson sought to add numerous claims to his pending petition for state post conviction relief . Although it is true that the state district judge did not rule on the motion to supplement until long after he denied Thompson's petitioner for state post conviction relief, that fact is insufficient to satisfy petitioner's heavy burden of proof with respect to equitable tolling. Plaintiff does not suggest that he was misled by the State as to any claims he might have or that the State acted in a manner that prevented him from becoming aware of the "supplemental" claims until after he filed his first petition for state habeas relief. Rather, he simply states in his "Request for Stay of Judgment and Motion to Supplement" that "he is not able to retain counsel" and that the "supplemental brief requires more research and Petitioner is currently housed in a maximum security area without adequate access to legal material." State Record, V. 5. Neither petitioner's *pro se* status nor the lack of access to research materials suffice to warrant application of equitable tolling. *Tate v. Parker*, 2011 WL 3821122 (C.A. 5(Miss.)); *Scott v. Johnson*, 227 F.3d 260, 263 & n.3 (5th Cir. 2000)("an inadequate law library does not a constitute rare and exceptional circumstance warranting equitable tolling")(internal quotation and citation omitted); *see also Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Because petitioner has failed to carry his burden of

establishing his entitlement to equitable tolling of the one-year limitation period of § 2244(d), his petition is time-barred.

Therefore, the Court hereby overrules petitioner's objections, approves the Report and Recommendation of the United States Magistrate Judge, and adopts the Report and Recommendation, as supplemented herein, as the opinion in this matter. Accordingly,

**IT IS ORDERED** that Ronald Thompson's petition for *habeas corpus* relief pursuant to 28 U.S.C. §2254 is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 12th day of September, 2011.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE