UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONALD THOMPSON                                        CIVIL ACTION

VERSUS                                                    NO. 07-592

N. BURL CAIN, WARDEN                             SECTION "K"(6)

## ORDER AND OPINION

Before the Court is the "Motion for Relief from Judgment or Order Pursuant to F.R.C.P., Rule 60(b)" filed on behalf of petitioner Ronald Thompson (Doc. 31). Having reviewed the motion, the record, including the state court record, and the relevant law, the Court, for the reasons assigned, DENIES the motion.

Relying upon Federal Rule of Civil Procedure 60(b), petitioner Ronald Thompson seeks relief from the judgment entered September 12, 2011 dismissing his claim for post conviction relief under 28 U.S.C. §2254 as time-barred. Rule 60(b) permits a losing party to seek relief from a final judgment "under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007).

The Court's inquiry must necessarily begin with a determination of whether Thompson's "Rule 60(b) motion is subject to the additional restrictions that apply to 'second or successive habeas corpus petitions under AEDPA.'"[1] *Id.* Title 28 U.S.C. §2244(b) provides in pertinent part that before a petitioner can file a second or successive application for *habeas corpus* relief pursuant to 28 U.S.C. §2254, "the applicant shall move in the appropriate court of appeals for an order

---

[1] "AEDPA" refers to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996).

authorizing the district court to consider the application." It is well established that

> [r]elief is available under Rule 60(b) in habeas proceedings, but of course only in conformity with AEDPA, including its limits of successive federal petitions. It is a subsequent habeas corpus application whenever the Rule 60 motion presents a "claim" for habeas relief. The Supreme Court has provided guidance, holding that "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules."

*Ruiz v. Quarterman*, 504 F.3d at 526 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 533, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005)).

Neither the pending motion nor the Court's September 12, 2011 Order and Opinion addressed the merits of petitioner's claim. The focus of this motion is petitioner's contention that the Court erred in the prior Order and Opinion in concluding that petitioner had not carried his burden of establishing his entitlement to equitable tolling of the one-year limitation period of 28 U.S.C. §2254, and therefore his petition was time-barred. Specifically petitioner urges that the Court "mistakenly referred to petitioner's document known as the 'Request For Stay of Judgment and Motion to Supplement'" as the document which set forth "allegations of a State created impediment [to the timely filing of a petition for post conviction relief] that constitutes extraordinary circumstances warranting equitable tolling." Doc. 31, p. 1-2. Thompson alleges that his "Traverse" filed "in response to the State's answer to his 'Original and Supplemental Petitions for Writ of Habeas Corpus,'" describes "the chain of events that transpired, constituting elements of a state created impediment that was clearly beyond his control." Given the nature of petitioner's challenge to the Court's prior Order and Opinion, it is clear that allowing the Rule 60(b) "motion to proceed as denominated creates no inconsistency with the habeas statute of rules." *Hernandez v. Thaler*, 630

F.3d 420, 427 (5th Cir. 2011).

In analyzing Thompson's objections to the Magistrate Judge's Report and Recommendation the Court reviewed both the "Request For Stay of Judgment and Motion to Supplement" and petitioner's "Traverse." Neither document, nor the letter attachment referred to by petitioner in his Rule 60(b) motion, set forth facts sufficient to warrant application of the equitable tolling doctrine in this case. Moreover, petitioner has not, in any document in this record, established the rare and exceptional circumstances necessary to warrant application of the equitable tolling doctrine. The Court did not err in concluding that Thompson's petition is time-barred. Accordingly, the motion is DENIED.

New Orleans, Louisiana, this 17th day of November, 2011.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE
